FILED

**NOT FOR PUBLICATION**

DEC 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID B. JONES, | No. 09-16873 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07775-SMM |
| v. | MEMORANDUM[*] |
| WAL-MART STORES EAST, LP; WAL-MART STORES, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE, District Judge.[**]

Even assuming that Jones established a prima facie case of discrimination,

he has not raised a genuine issue of material fact that Wal-Mart's explanation for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Benjamin H. Settle, Judge of the United States District Court for the Western District of Washington, sitting by designation.

terminating him (namely, that he engaged in sexual harassment of several female coworkers) was pretextual, and therefore cannot overcome Wal-Mart's motion for summary judgment. *See, e.g.*, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). Construing the facts in the light most favorable to Jones, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639–40 (9th Cir. 2003), he did not offer any direct evidence of discriminatory animus on the part of Wal-Mart. Nor did Jones offer any "specific and substantial" indirect evidence that Wal-Mart's proffered nondiscriminatory reason for terminating him was a pretext to disguise a racially discriminatory reason. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)).

Jones's allegations that Wal-Mart conducted an investigation of his alleged wrongdoings that was more thorough than prior investigations, that Wal-Mart failed to properly evaluate the evidence uncovered by the investigation, and that it imposed harsher punishment on Jones than on other employees accused of sexual harassment, do not create a genuine issue of material fact as to pretext. There is no evidence that discredits Wal-Mart's assertions that it terminated Jones because he had engaged in sexual harassment. *See Villiarimo*, 281 F.3d at 1063.

**AFFIRMED.**